UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Susan Hester Carrillo

    v.                                                  Case No. 23-cv-243-SE
                                                          Opinion No. 2025 DNH 020

Jane DuVall Hester and
Elizabeth Hester Platt

O R D E R

A plaintiff who initiates an action in federal court has an obligation to participate in her case. If she fails to do so, the court may dismiss the action under Federal Rule of Civil Procedure 41(b) for failure to prosecute. The consequence of an order dismissing a case under that rule is at issue here.

Susan Hester Carrillo, who is representing herself, filed suit in this court against her sister and her father's former wife, challenging their actions following the death of her father and the probate of his estate. The defendants move to dismiss the action. They argue that it is barred by res judicata because of the dismissal under Rule 41(b) of a prior case Carillo brought against them that was originally filed in the District of Maryland but later transferred to this court. See Carrillo v. Hester et al., 21-cv-605-SM (D.N.H. filed July 1, 2021) ("Carillo I"). Carrillo did not respond directly to the motion to dismiss. Instead, she moves for default judgment against the defendants.

For the reasons explained below, the court's order of dismissal in Carillo I was an adjudication on the merits. As such, it has preclusive effect and requires dismissal of this case. The court therefore grants the defendants' motion to dismiss and denies Carrillo's motion for default judgment.

Background

Carillo alleges that her sister, Elizabeth Hester Platt, and her father's ex-wife, Jane DuVall Hester, stole real and personal property from her deceased father's estate. Specifically, she alleges that the defendants unlawfully excluded certain of her father's property from the probate process, thereby preventing Carillo from inheriting assets to which she was entitled. The property includes her father's house in Massachusetts, his car and boat, and several rare and valuable items, including antiques, rare coins, and paintings. She seeks, among other things, an injunction against the defendants to prevent them from contacting her and $500 billion in punitive damages.

I. Motion for Default Judgment

The defendants moved to dismiss the case on March 13, 2024. Doc. no. 20. Six days later, Carillo moved for default judgment under Federal Rule of Civil Procedure 55(b). Doc. no. 21. In her motion, Carillo asserts that the defendants did not timely respond to her complaint and, therefore, she is entitled to judgment.

"[D]efault is a two-step process that requires the entry of a default by the clerk prior to the entry of a default judgment." Allied Home Mortg. Cap. v. Belli, No. CIV.A. 12-10158-GAO, 2012 WL 3059423, at *7 (D. Mass. July 25, 2012). Thus, absent an entry of default under Federal Rule of Civil Procedure 55(a), a motion for default judgment under Rule 55(b) is premature. See Aho v. Deutsche Bank Nat'l Tr. Co. as Tr. Certificateholders of HSI Asset Securitization Corp. Tr. 2007-NC1 Tr., Mortg. Pass Through Certificates, Series 2007-NC1, No. 23-CV-454-JL-TSM, 2024 WL 2939168, at *3 (D.N.H. Apr. 30, 2024), report and recommendation adopted sub nom. Aho v. Deutsche Bank Nat'l Tr. Co., No. 23-CV-454-JL-TSM, 2024 WL 3274724 (D.N.H. June 28, 2024).

Here, Carillo never sought entry of default under Rule 55(a). Therefore, her motion for default judgment is premature and is denied. The court notes, however, that even if the clerk had entered default under Rule 55(a), default judgment would be inappropriate. "Default judgments entered pursuant to Fed. R. Civ. P. 55 are intended to protect diligent parties whose adversaries are clearly unresponsive." Niemic v. Maloney, 409 F. Supp. 2d 32, 37 (D. Mass. 2005). When "defendants adequately indicate[] their intent to defend against plaintiff's claims" even in an untimely manner, and the plaintiff "has suffered no undue disadvantage on account of the delay," default judgment is not appropriate. Id. at 37-38.

Although, as the defendants acknowledge, they filed their motion to dismiss weeks after a responsive pleading was due under Federal Rule of Civil Procedure 12(a),[1] they indicated their intent to defend against Carillo's claims. Carillo filed her motion for default judgment only after the defendants moved to dismiss, and she has suffered no undue disadvantage on account of the minor delay. Therefore, even if the clerk had entered default against the defendants, the court would deny Carillo's motion for default judgment.

II. Motion to Dismiss

The defendants move to dismiss Carrillo's complaint on the ground that it is barred by res judicata. The doctrine of res judicata bars a second suit if the defendant shows "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action

---

[1] The defendants filed their motion to dismiss 44 days after Hester was served with the summons and complaint and 29 days after Platt was served. The defendants assert that their failure to file a timely response was due to a misunderstanding regarding the effect of their attorney's attempted agreement to accept service voluntarily.

3

asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." Foss v. Marvic, Inc., 103 F.4th 887, 891 (1st Cir. 2024) (quotation omitted).

The defendants assert that Carillo brought a nearly identical action against them in Carillo I and that the case resulted in a final judgment on the merits. Carillo, who briefly addressed the defendants' argument in her motion for default judgment, argues that the defendants' assertion is false.[2] Viewed generously, Carillo argues that this case is not barred by res judicata because Carillo I did not result in a final judgment on the merits. Specifically, she states that Carillo I "was not ever dismissed with prejudice." Doc. no. 21 at 2. That assertion is incorrect.

In Carillo I, the court approved the magistrate judge's recommendation to dismiss the case for failure to prosecute under Rule 41(b) after, among other things, Carillo did not appear at preliminary pretrial conferences and failed to respond to the court's order to notify the court if she wished to proceed and to provide an address. Carillo I, doc. no. 19. Neither the magistrate judge's R&R nor the court's order approving the magistrate judge's recommendation stated that the dismissal was without prejudice. See id., doc. nos. 18 & 19. The clerk of court entered judgment on April 5, 2022. Id., doc. no. 20. Where, as in Carillo I, the court does not state otherwise, dismissal for failure to prosecute operates as an adjudication on the merits and is with prejudice. Fed. R. Civ. P. 41(b); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1725 (2020) (noting that Rule 41(b) "tells courts to treat a dismissal 'as an adjudication on the merits'—meaning a dismissal with prejudice"—when the dismissal order does not specify otherwise).

---

[2] Although Carillo cannot combine her motion for default judgment and her objection to the defendants' motion to dismiss in one filing, see LR 7.1(a)(1), the court considers her argument as to res judicata in light of her pro se status.

Carillo does not dispute that Carillo I satisfies the second and third prongs of the res judicata analysis. The defendants in the prior suit and in this suit are Jane DuVall Hester and Elizabeth Hester Platt. Although Carrillo does not identify specific causes of action in either complaint, she alleges the same underlying circumstances—that the defendants lied to her and stole property belonging to her father that should have been her inheritance. She also alleges in both complaints that the defendants have stalked her, committed cybercrimes against her, threatened her, and attacked her family. Carrillo also seeks the same relief in the two cases—damages for the value of property that Carrillo alleges that the defendants stole, $500 billion in punitive damages, and injunctive relief against the defendants to prevent them from contacting her and from committing crimes against her.

The court dismissed the claims raised in Carillo I in a final judgment on the merits. The claims and parties involved in Carillo I are sufficiently identical to those in the instant case. Therefore, the court's dismissal of Carillo I precludes through res judicata the claims alleged in this action.

Conclusion

For the foregoing reasons, the plaintiff's motion for default judgment (doc. no. 21) is denied. The defendants' motion to dismiss (doc. no. 20) is granted. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED

_____
Samantha D. Elliott
United States District Judge

February 21, 2025
cc: Susan Hester Carillo, pro se.
    John M. Edwards, Esq.